UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARIO ROBERTO SALCEDO-PALMA,

-vs-                                             Case No.  8:02-cr-64-T-24EAJ
                                                          8:05-cv-921-T-24EAJ

UNITED STATES OF AMERICA.

_____

## **ORDER**

This cause is before the Court on Defendant Mario Roberto Salcedo-Palma's motion to vacate, set aside, or correct an allegedly illegal sentence.  (Doc. cv-1; cr-315)

BACKGROUND

On July 16, 2002,  pursuant to a written plea agreement, Defendant pled guilty to count one of the First Superseding Indictment.  Count One charged that Defendant

> with, [sic] while on board a vessel subject to the jurisdiction of the United States and while aided and abetted by his co-defendants and other persons unknown to the Grand Jury, knowingly and intentionally possessing with the intent to distribute five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine, a Schedule II narcotic controlled substance, in violation of Title 46 Appendix, United States Code, Sections 1903(a) and 1903(g); Title 18, United States Code, Section 2; and Title 21, United States Code Section 841(b)(1)(a)(ii).  (Docs. cr-44, cr-149).

Pursuant to the United States Sentencing Guidelines range determined by the Court at sentencing, Defendant's total offense level was 33 with a criminal history category of 1. The imprisonment range was 135 to 168 months.

On October 4, 2002,  the Court sentenced Defendant to 135 months incarceration on  Count One of the First Superseding Indictment. Count Two of the First Superseding

Indictment was dismissed on the Government's motion. (Doc. cr-197).  Judgment was entered.  (Doc. cr-201).

Defendant appealed, arguing that the district court erred in accepting his guilty plea without advising him at the plea hearing of several of his constitutional rights, and erred in failing to grant him a minor-role reduction.  Defendant's appeal was consolidated with the appeals of his co-defendants. On July 19, 2004, the United States Court of Appeals for the Eleventh Circuit affirmed the convictions and sentences of all the Defendants. (Doc. cr-308).

## MOTION TO VACATE

Defendant signed the present motion to vacate on April 19, 2005, and filed the motion on May 13, 2005. The motion raises the following claims of ineffective of assistance of counsel:

> Counsel was ineffective when he failed to pursue a motion to suppress that would have demonstrated that the United States Authorities' intervention with the vessel was illegal.  Counsel was ineffective because he failed to properly present a motion for the minor role participation in the offense, as he had conveyed to the Petitioner he would before the plea agreement. Counsel was ineffective on appeal, when acting with deriliction [sic] and lack of understanding of the appeal process.  All of this deprived the Petitioner of the opportunity to present the proper issues on appeal.  Counsel was ineffective because after the appeal waiver he failed to advise Petitioner of his right to file a writ of certiorary [sic] to the Supreme Court.

A review of the record demonstrates that, for the following reasons, the motion to vacate must be **DENIED**.

To prevail on a claim of ineffective assistance of counsel, Defendant must establish deficient performance and resulting prejudice. The Sixth Amendment right to counsel is the right to effective assistance of counsel. McMann v. Richardson, 397 U.S. 759, 771 n.14

(1970). The benchmark for judging any claim of ineffective assistance of counsel, however, is whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result. Strickland v. Washington, 466 U.S. 668, 688 (1984); see also Boykins v. Wainwright, 737 F.2d 1539, 1542 (11th Cir. 1984).  Because a lawyer is presumed to be competent to assist a defendant, the burden is on the accused to demonstrate the denial of the effective assistance of counsel. United States v. Cronic, 466 U.S. 648, 658 (1984). Ineffectiveness of counsel may be grounds for vacating a conviction if (1) counsel's performance fell below an objective standard of reasonable professional assistance and (2) the defendant was prejudiced by the deficient performance. Strickland, 466 U.S. at 687, 694. "There is no reason for a court deciding an ineffective assistance claim. . . to address both components of the inquiry if the defendant makes an insufficient showing on one." Strickland, 466 U.S. at 697.  Thus, if the defendant fails to show that he is prejudiced by the alleged errors of counsel, this Court may reject the defendant's claim without determining whether the counsel's performance was deficient. See Coulter v. Herring, 60 F.3d 1499, 1504 n.8 (11th Cir. 1995).

     For performance to be deficient, it must be established that, in light of all the circumstances, counsel's performance was outside the wide range of professional competence. See Strickland, 466 U.S. at 690. In other words, when reviewing counsel's decisions, "the issue is not what is possible or 'what is prudent or appropriate, but only what is constitutionally compelled.'" Chandler v. United States, 218 F.3d 1305, 1313 (11th Cir. 2000) (en banc) (quoting Burger v. Kemp, 483 U.S. 776, 794 (1987)), cert. denied,  531

U.S. 1204 (2001).  Furthermore, "[t]he burden of persuasion is on a petitioner to prove, by a preponderance of competent evidence, that counsel's performance was unreasonable." Strickland, 466 U.S. at 688. This burden of persuasion, though not insurmountable, is a heavy one. See Chandler, 218 F.3d at 1314  (citing Kimmelman v. Morrison, 477 U.S. 365, 381 (1986)).

"'Judicial scrutiny of counsel's performance must be highly deferential,'" and courts must avoid second-guessing counsel's performance." Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689). "Courts must 'indulge [the] strong presumption' that counsel's performance was reasonable and that counsel 'made all significant decisions in the exercise of reasonable professional judgment."' Chandler, 218 F.3d at 1314 (quoting Strickland, 466 U.S. at 689-90).  Therefore, "counsel cannot be adjudged incompetent for performing in a particular way in a case, as long as the approach taken 'might be considered sound trial strategy."' Chandler, 218 F.3d at 1314 (quoting Darden v. Wainwright, 477 U.S. 168 (1986)).

If the record is incomplete or unclear about counsel's actions, then it is presumed that counsel exercised reasonable professional judgment. See Chandler, 218 F.3d at 1314-15 n.15. Thus, the presumption afforded counsel's performance "is not ... that the particular defense lawyer in reality focused on and, then, deliberately decided to do or not to do a specific act." Id. Rather, the presumption is "that what the particular defense lawyer did at trial . . . were acts that some reasonable lawyer might do." Id.  Moreover, "[t]he reasonableness of a counsel's performance is an objective inquiry." Chandler, 218 F.3d at 1315.  For Salcedo-Palma to show deficient performance, he must establish that no

competent counsel would have taken the action that his counsel did take. Id. To uphold a lawyer's strategy, a court "need not attempt to divine the lawyer's mental processes underlying the strategy." Chandler, 218 F.3d at 1315 n.16. Finally, "[n]o absolute rules dictate what is reasonable performance for lawyers." Id. at 1317.

The Eleventh Circuit has set forth the applicable legal principles for reviewing a claim of ineffective assistance of appellate counsel.

> A defendant has a right to counsel to aid in the direct appeal of his or her criminal conviction. See Evitts v. Lucey, 469 U.S. 387, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985). This right to counsel is violated when appellate counsel is ineffective. Id.; Alvord v. Wainwright, 725 F.2d 1282 (11th Cir. 1984). This Circuit has applied the Supreme Court's test for ineffective assistance at trial, see Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to guide its analysis of ineffective assistance of appellate counsel claims. See Orazio v. Dugger, 876 F.2d 1508 (11th Cir. 1989). Therefore, [Petitioner] must show that his appellate counsel's performance was deficient and that this performance prejudiced the defense. Strickland, 466 U.S. at 687, 104 S.Ct. at 2064.

Heath v. Jones, 941 F.2d 1126, 1130 (11th Cir. 1991), cert. denied, 502 U.S. 1077 (1992).

It is clear that "[t]he standard of proof and standard of review are the same in the context of ineffective assistance of appellate counsel as in the context of ineffective assistance of trial counsel." Alvord v. Wainwright, 725 F.2d 1282, 1291 (11th Cir.), cert. denied, 469 U.S. 956 (1984).

In the present case, Defendant has failed to show that his trial or appellate counsel was ineffective.[1]

---

[1] Mark A. Goettel, Esq. represented Defendant at his plea hearing and on appeal.

## Motion To Suppress

Counsel was not ineffective for failing to pursue a motion to suppress that would have demonstrated that the United States Authorities' intervention with the vessel was illegal. Defendant voluntarily and knowingly signed the plea agreement in which the facts included the statement "Because the Colombian government consented to the United States' exercising jurisdiction over the F/V Paulo and its crew, the F/V Paulo is a vessel subject to the jurisdiction of the United States."

Under the facts of this case, counsel's pursuing a motion to suppress would have been futile. Defendant has not shown deficient performance on the part of his counsel for failing to pursue a motion to suppress or that Defendant was prejudiced by counsel's failure to do so.

## Minor Role Offense

On direct appeal, Defendant argued that the district court erred in failing to grant him a minor-role reduction, asserting that he had no equity interest in the drugs, neither sold nor bought the drugs, was not involved in the planning of the venture, had no knowledge or understanding of the scope and structure of the enterprise and playing a minor role as compared to other participants. The Eleventh Circuit found that the appeal waiver provision in Defendant's plea agreement unambiguously barred him from challenging the district court's failure to grant him a minor-role reduction.

The appeal waiver in Defendant's plea agreement reads:

> The defendant understands and acknowledges that defendant's sentence will be determined and imposed in conformance with the Comprehensive Crime Control Act of 1984 and the federal sentencing guidelines. Defendant is also aware that a sentence imposed under the

>sentencing guidelines does not provide for parole. Knowing these facts, the defendant agrees that this Court has jurisdiction and authority to impose any sentence up to the statutory maximum set forth for the offense and pursuant to the sentencing guidelines and expressly waives the right to appeal defendant's sentence, directly or collaterally, on any ground, including the applicability of the "safety valve" provisions contained in 18 U.S.C. § 3553(f) and USSG §5C1.2, except for an upward departure by the sentencing judge or a sentence above the statutory maximum or a sentence in violation of the law apart from the sentencing guidelines; provided, however, that if the government exercises its right to appeal the sentence imposed, as authorized by 18 U.S.C. § 3742(b), the defendant is released from this waiver and may appeal the sentence as authorized by 18 U.S.C. § 3742(a).

(Doc. cr-149 ¶ 4).

While Defendant argued on direct appeal that the district court erred in failing to grant him a minor-role adjustment, he argues in his section 2255 motion that his attorney was ineffective for failing to "present a motion for the minor role participation," presumably at sentencing.

In Williams v. United States, 396 F.3d 1340 (11th Cir. 2005), the Eleventh Circuit considered a plea waiver containing almost the same language as that contained in Defendant Salcedo-Palma's plea waiver. Having considered the language in Williams' plea waiver, the Eleventh Circuit held that a valid sentence-appeal waiver, "entered into voluntarily and knowingly pursuant to a plea agreement, precluded movant from attempting to attack, in a collateral proceeding, the sentence through a claim of ineffective assistance of counsel during sentencing." Williams, 396 F.3d at 1341-1342.

In his section 2255 motion, Defendant Salcedo-Palma does not allege that his plea was not knowingly and voluntarily entered. Therefore, his claim fails under the holding in Williams.

Ineffective Assistance of Appellate Counsel

Defendant has not alleged any facts to support his claim that appellate counsel did not understand the appeal process. Nor does he state what he believes the "proper issues on appeal" would have been. Therefore, Defendant has not shown that appellate counsel was ineffective and this claim has no merit.

Failure to Advise Defendant of Right To File Petition for Writ of Certiorari

Defendant has not shown that he was prejudiced in any way by counsel's failure to advise Defendant of his right to file a petition for writ of certiorari to the United States Supreme Court. This claim has no merit.

According, for the above reasons, the Court orders:

1. That Salcedo-Palma's motion to vacate, set aside, or correct an allegedly illegal sentence (Doc. cv-1; cr-315) is denied. The Clerk is directed to enter judgment against Salcedo-Palma in the civil case and to close that case.

2. That Salcedo-Palma's motion to appoint counsel and motion for leave to proceed in forma pauperis (Doc. cv-2) is denied.

ORDERED at Tampa, Florida, on May 25, 2005.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

AUSA:  W. Stephen Muldrow

Mario Roberto Salcedo-Palma